# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN HARRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-151-11

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brian Harris appeals his sentence of 151 months of imprisonment for conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(B). He argues that the district court erred in refusing to grant a mitigating role reduction under U.S.S.G. § 3B1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11226

This court reviews the district court's interpretation and application of the Sentencing Guidelines *de novo* and examines its factual findings for clear error. *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). In deciding whether an adjustment under the Guidelines should apply, a district court may draw reasonable inferences from the facts, and these inferences are findings of fact that are reviewed for clear error. *Id.* A factual finding is clearly erroneous if it is not plausible in light of the record as a whole. *Id.*

Harris argues that the district court erred in denying him a mitigating role reduction given the amended Guideline commentary for § 3B1.2. While the 2015 amendments gave additional guidance to district courts in applying the mitigating role adjustment, they did not, as the Government points out, change the overarching consideration when determining whether to apply § 3B1.2, that is, whether the defendant is "substantially less culpable than the average defendant?" *See* 3B1.2, comment. (n.3A).

Here, the district court correctly assessed Harris's role in the offense. The district court observed that "in many respects that [Harris] operated his own network for the—whatever period of time he got back into the drug business. . . ." Harris had multiple ties to the organization as evidenced by his numerous sources of supply; he obtained methamphetamine from at least seven of his coconspirators. The court also noted that Harris "served as protection" for one of his coconspirators during drug sales. Although Harris dealt in smaller quantities of methamphetamine than most of his coconspirators and was not a supplier himself, he was held responsible for the distribution of over four kilograms of the drug in less than eight months and was correctly classified as playing an average role in the conspiracy.

No. 15-11226

Based on the foregoing facts, the district court's determination that Harris was not entitled to a § 3B1.2(b) reduction was plausible in light of the record and was not clearly erroneous. *See Caldwell*, 448 F.3d at 290.

For the forgoing reasons, we AFFIRM.